**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

| | | |
|---|---|---|
| **INTERNATIONAL UNION UNITED AUTOMOBILE AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA,** | ) ) ) ) ) | |
| **Plaintiff,** | ) | Case No. 08-2260 |
| v. | ) ) | |
| **ZF BOGE ELASTMETALL, LLC,** | ) ) | |
| **Defendant.** | ) | |

# REPORT AND RECOMMENDATION

In October 2008, Plaintiff International Union, United Automobile, Aerospace, & Agricultural Implement Workers of America, and its Local 2343, filed a Complaint (#1) against Defendant ZF Boge Elastmetall, L.L.C., alleging a violation of Section 301 of the Labor Management Relations Act of 1947, as amended (29 U.S.C. § 185) (hereinafter "LMRA"). Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiffs have raised a claim based on a federal statute.

In November 2008, Defendant filed a Motion To Dismiss Pursuant to Federal Rule of Civil Procedure (12(b)(6) (#4). In December 2008, Plaintiffs filed a Brief in Opposition to Defendant's Motion To Dismiss (#11). Defendant subsequently filed a Motion For Leave To File Sur-Reply (#12) and Plaintiffs filed a Response to Defendant's Motion for Leave To File Sur-Reply (#15). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss Pursuant to Federal Rule of Civil Procedure (12(b)(6) **(#4)** be **DENIED**.

## I. Background

The following background is taken from the complaint. Plaintiff International Union (hereinafter "UAW") is a labor organization within the meaning of Section 301 of the LMRA and Plaintiff Local 2343 is the UAW's subordinate constituent body. At relevant times, Defendant operated a manufacturing facility in Paris, Illinois, and is an employer within the

meaning of Section 301 of the LMRA. Besides the Paris plant, Defendant operated one other plant in North America, located in Hebron, Kentucky. The Kentucky facility is a nonunion facility.

The UAW has represented a bargaining unit of approximately 130 employees at Defendant's plant in Paris for 12 years. The most recent collective bargaining agreement (hereinafter "CBA") between the parties was effective from April 4, 2005, through April 6, 2008. On June 25, 2007, the parties entered into a separate contract that modified the three-year CBA and also existed independently.

The circumstances through which the parties entered into the second contract are as follows: In May 2007, Defendant, through its plant manager Marc Vonderlage, asked the UAW to engage in negotiations in the middle of the existing CBA. Defendant advised the UAW that it was planning to close one of its two North American plants. Defendant expressly told the UAW that if it obtained significant mid-term concessions from the UAW and the bargaining unit employees in Paris, it would agree to close the Kentucky plant if a plant closure became necessary. By letter dated May 17, 2007, Vonderlage advised employees that the company was seeking mid-term concessions. In the letter, he wrote as follows: "The most important thing to communicate to you right now in this letter is to say that <u>no changes that we negotiate with your elected representatives for approval by Union members will take effect unless this plant is chosen to stay open</u>." (#1, ¶ 13, emphasis in original.)

In May 2007, the UAW and Defendant ZF Boge negotiated an agreement, subject to membership approval, in which the UAW agreed to significant economic concessions, including a pension freeze, in exchange for Defendant's promise that it would keep the Paris plant open and close the Kentucky plant if a plant closure became necessary. Company management continued to represent to employees that the concessions in the agreement would be effective only if the Paris plant was chosen as the surviving facility. The agreement itself stated that none of its terms would be implemented unless the Paris plant was chosen to remain in operation after consolidation of the plants.

In June 2007, bargaining unit members ratified the mid-term agreement. Defendant implemented the changes pursuant to the agreement and told employees that it would close the Kentucky plant as required under the agreement. In November 2007, Defendant began to transfer equipment and work from the Kentucky plant to the Paris plant.

In April 2008, Defendant ZF Boge repudiated its obligation under the June 2007 agreement. The company reported that it had changed its position and decided to close the Paris plant and keep the Kentucky plant open. As a result of the announced plant closure, the company began laying off employees. Defendant announced that the Paris plant will be closed within the next 18 to 24 months.

The complaint alleges breach of contract (Count I) and specific performance (Count II). In Count I, Plaintiffs seek a declaration that Defendant breached the June 25, 2007, agreement by announcing the closing of the Paris plant. Plaintiffs also seek damages including reinstatement, backpay, and make-whole relief for those employees who were laid off. In Count II, Plaintiffs seek damages and specific performance of the agreement requiring that the Paris plant remain open.

## II. Standard

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not decide the merits of the claims. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). On a motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true and grants all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007) (requiring plausible grounds for inferences if those inferences are to sustain a

complaint).  However, the Court is not required to accept as true a legal conclusion presented as a factual allegation.  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1092 (7th Cir. 2008).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  The United States Supreme Court has interpreted this language to impose two easy-to-clear hurdles:  First, the plaintiff must plead sufficient facts to give fair notice of the claim and the ground upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative level'." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl.*, 127 S. Ct. at 1965, 1973 n.14).

### III.  Analysis

Defendant argues that the Court should dismiss the suit because Plaintiffs failed to timely file their claims.  Specifically, Defendant contends that the six-month statute of limitations for Section 301 claims bars the claims.  Based on an accrual date of not later than April 24, 2008, Defendant contends that the limitations period had run before Plaintiffs filed their complaint.

Plaintiffs respond that the claims are subject to the ten-year Illinois limitations period for breach of contract claims (735 ILCS 5/13-206 (2007)); therefore, they timely filed their complaint.  Alternatively, Plaintiffs contend that, even if the six-month limitations period applies, Plaintiffs timely filed their claims.

Section 301 of the LMRA (29 U.S.C. § 185(a)) establishes a federal forum to resolve disputes for violation of contracts between an employer and a labor organization.  The LMRA contains no statute of limitations for Section 301 claims.

Section 301 suits are described as either "hybrid" or "straightforward" actions.  A hybrid claim arises when, in the case of an employer CBA violation, the union representing the employee in grievance proceedings to redress the violation acts "in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation."

*DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983). The resulting lawsuit thus comprises two causes of action--one against the employer for breach of contract and one against the union for breach of duty. *Id*. Establishing the union's breach of duty is, in these cases, an "indispensable predicate" to recovering from the employer. *Thomas v. United Parcel Serv.*, 890 F.2d 909, 915 (7th Cir. 1989).

In contrast, straightforward Section 301 actions lack the union breach of duty element. *Prudden v. E.J. Brach Corp.*, 946 F. Supp. 572, 576 (N.D. Ill. 1996). For example, courts have characterized as "straightforward" suits by unions against employers based on breaches of CBA employee benefits provisions. *See UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696 (1966); *Int'l Union of Elevator Constructors v. Home Elevator Co.*, 798 F.2d 222 (7th Cir. 1986). These fact patterns do not raise questions as to the propriety of the union's behavior in handling a grievance. In fact, straightforward claims are generally brought by unions, and do not involve issues related to the grievance process. *Id.* at 226.

The statute of limitations governing a Section 301 claim depends on whether it constitutes a hybrid claim or a straightforward claim. In addressing straightforward claims, courts, including the Seventh Circuit court, generally borrow the state statute of limitations for the most analogous cause of action. *See Jones v. Gen. Elec.,* 87 F.3d 209, 211-12 (7th Cir. 1996) ("borrowing an applicable state statute of limitations for breach of contract remains the rule" for straightforward Section 301 claims). Assuming a straightforward claim in this case, the parties agree that the ten-year statute of limitations for breach of contract claims (735 ILCS 5/13-206) is the most closely analogous Illinois statute. Hybrid claims, by contrast, have a six-month limitations period, based on Section 10(b) of the National Labor Relations Act (29 U.S.C. § 160(b)), which establishes a six-month deadline for reporting unfair labor practices to the National Labor Relations Board. *See DelCostello*, 462 U.S. at 169. In selecting this time period, the United States Supreme Court stressed the similarity between union fair representation claims and allegations of unfair labor practices. *Id*. at 170.

The parties disagree as to which limitations period applies to Plaintiffs' claims. Defendant contends that the federal six-month limitations period best addresses the policy interest of

preventing union-management litigation over events that potentially happened long ago and the ten-year limitations period is not the most well-suited limitations period for this action; therefore, the Court should apply the six-month statute of limitations. Plaintiff contends that the claims are straightforward claims and the Illinois ten-year statute of limitations should apply.

The Court agrees with Plaintiffs. A "hybrid" Section 301 claim is one brought by a union member against his employer for breach of the collective bargaining agreement and against his union for breach of the duty of fair representation. *Brown v. Local 701 of Int'l Bhd. of Elec. Workers*, 996 F. Supp. 781, 787 n.3 (N.D. Ill. 1998) (citing *DelCostello,* 462 U.S. at 163-64). Here, Plaintiffs are the union and its local unit and there is no possible claim that the union breached its duty of fair representation. As a result, the Court concludes that Plaintiffs' claims in this case are straightforward Section 301 claims subject to the ten-year statute of limitations and that Plaintiffs timely filed their claims. Accordingly, the Court recommends denying the motion to dismiss. The Court need not address Plaintiff's alternative argument.

### IV. Summary

For the reasons set forth above, this Court recommends that Defendant's Motion To Dismiss Pursuant to Federal Rule of Civil Procedure (12(b)(6) **(#4)** be **DENIED**. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 3rd day of April, 2009.

                s/ DAVID G. BERNTHAL
                U.S. MAGISTRATE JUDGE